UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHNNY JAMES COLLIER,

Plaintiff,

v.

BENJAMIN C. AGUSTIN, et al.,

Defendants.

DECISION & ORDER

04-CV-6514CJS

Plaintiff in the above-captioned matter has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Docket #6). In his complaint, plaintiff alleges, *inter alia*, that defendants violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs. (Docket #6). By order dated November 8, 2005, the matter was referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. § 636(b)(A) and (B). (Docket #15). Currently before this Court are plaintiff's motions for the appointment of counsel (Docket # 16) and to compel defendants Deb Harter and Anthony Deperio to answer the Complaint (Docket # 17).

On February 9, 2005, plaintiff filed an initial motion for appointed counsel, stating that the legal complexity of the case exceeded plaintiff's knowledge of the law. (Docket #8.) By Decision and Order dated March 9, 2005, the Honorable Michael A. Telesca, United States District Judge, denied without prejudice plaintiff's motion, finding the record insufficient to make the necessary assessment of plaintiff's claims pursuant to the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) and *Hodge v. Police Officers*, 802 F.2d

58 (2d Cir. 1986). (Docket #9). Thereafter, on November 25, 2005, plaintiff filed the instant motion for the appointment of counsel on the grounds that he has been unable to secure an attorney due to lack of funds. (Docket #16). Approximately one month later, on December 27, 2005, plaintiff moved to compel defendant's answer to the complaint. (Docket # 17). For the foregoing reasons, the Court denies plaintiff's motions without prejudice.

**A. Appointment of Counsel:** It is well-settled that there is no constitutional right to appointed counsel in civil cases. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) (noting that the sixth amendment right to counsel extends only to criminal and quasi-criminal proceedings). Although "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C.A. §1915(e), the district judge is afforded broad discretion when determining whether such appointment is appropriate. *Hodge*, 802 F.2d at 60 (citing *Miller v. Pleasure*, 296 F.2d 283, 284 (2d Cir. 1961), *cert. denied*, 370 U.S. 964 (1962)); *see In re Martin-Trigona*, 737 F.2d at 1260-61 (2d Cir. 1984) (decisions on appointment of counsel are clearly within the judge's discretion). When considering a motion for appointed counsel, the court should first ascertain whether the indigent's position seems likely to be of substance. *Hendricks*, 114 F.3d at 392. Once this threshold requirement is met, the court should then consider:

1. Whether the indigent is able to investigate the crucial facts concerning his claim;

2. Whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder;

3. Whether the legal issues involved are complex; and

4. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks*, 114 F.3d at 392; *see also Hodge*, 802 F.2d at 62-63.

Assignment of counsel must be considered carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not appropriate at this time. First, plaintiff has not demonstrated, as he must, that he is likely to succeed on the merits of the complaint. *See Hodge*, 802 F.2d at 58. In contrast, plaintiff's motion states summarily that he is requesting counsel because his own financial constraints prevent him from retaining an attorney. *See Cooper*, 877 F.2d at 173 ("the poverty of the claimant may often be irrelevant to his ability to secure counsel"). Moreover, the legal issues in this matter do not appear to be complex, nor does it appear that the major proof at trial will be dependent upon skillful cross-examination. *See Hodge*, 802 F.2d at 58.

Accordingly, plaintiff's motion for the appointment of counsel **(Docket #16)** is **DENIED without prejudice**. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se.* 28 U.S.C. § 1654.

**B. Motion to Compel Answer:** Plaintiff further moves to compel defendants Anthony Deperio and Deb Harter to file answers to the Complaint. (Docket # 17). A review of the Court's docket, however, reveals that the defendants have not yet been served with a copy of the Summons and Complaint. Thus, plaintiff's motion to compel **(Docket # 17)** is **DENIED without prejudice**. The Court hereby extends plaintiff's time to serve the Summonses and Complaints on defendant Deperio and Harter until **September 20, 2006**. The Clerk of the Court is directed to cause the United States Marshal to serve the Summonses and Complaints, the December 23, 2004 Order (Docket # 3), and this Order on defendants Deperio and Harter. The United States Marshal's Office is directed to inform the Court and plaintiff as to the status of service with respect to each defendant as of **August 21, 2006**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
June 20, 2006.